**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**OCEANA PUBLICATIONS, INC.,** a
foreign corporation,

            **Plaintiff,**

-vs-                                                            Case No.  2:03-cv-608-FtM-DNF

**EUGENE COSTA and PAMELA COSTA,**

            **Defendants.**
_____/

## ORDER

This cause is before the Court on the Plaintiff, Oceana Publications, Inc.'s ("Oceana") Motion for Attorney's Fees (Doc. 154), the Defendants, Eugene Costa and Pamela Costa's ("Costas") Motion for Award of Attorney's Fees and Costs (Doc. 153), Plaintiff's Objections to Defendants' Bill of Costs (Doc. 159), and the Costas Objections to Plaintiff's Bill of Costs (Doc. 161). Each party prevailed on some claims and did not prevail on others, therefore, it is difficult to determine an overall prevailing party in this action.

**Background**

Oceana brought an Amended Complaint that contained three counts. The first count was for a declaratory judgment that the lien placed on a vessel owned by Oceana was invalid, the second count was for conversion of funds, and the third count was for civil theft. The Costas brought counterclaims against Oceana and David Cohen for breach of agreement, quantum meruit, foreclosure of lien on real property, and violation of the Florida Deceptive and Unfair Trade Practices Act.

The claims were determined by a variety of methods. On Count I of the Complaint for a declaratory judgment on the claim of lien, the Court entered summary judgment for Oceana but only after Oceana paid the back wages that were due and were part of the claim of lien on the vessel. Oceana also prevailed on summary judgment as to the breach of contract claim in the counterclaim, and on the foreclosure of lien claim in the counterclaim.

Both the quantum meruit and Florida Deceptive and Unfair Trade Practices Act claims in the counterclaim were dismissed by the Costas. The Costas prevailed at trial on the conversion and civil theft claims. However, the Costas refused to allow Oceana to withdraw its civil theft claim. Both parties are seeking attorney's fees and costs.

| | |
|---|---|
| **MOTION:** | **OCEANA'S MOTION FOR ATTORNEY'S FEES (Doc. No. 154)** |
| **FILED:** | April 13, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Pursuant to 46 U.S.C. §31343, Oceana is requesting attorney's fees for prevailing on Count I of the Amended Complaint which was a claim for a declaratory judgment concerning a lien placed on a vessel owned by Oceana. Summary judgment was granted to Oceana on Count 1 of the Amended Complaint. Under 46 U.S.C. §31343(c)(2), a court "may award costs and attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified[1]

---

[1] Neither party cited to any law concerning substantial justification. Under a different statute, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d)(1)(A), the same language of substantial justification is used in determining whether attorney's fees should be awarded. Under EAJA, substantial justification means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct.

or other circumstances make an award of costs and attorneys fees unjust." The Costas had two reasons to file liens on the vessel. The first reason was for back wages that were owed, and the second reason was for back vacation pay. After the lawsuit was filed, the Plaintiff eventually paid the Costas their back wages. The Court determined on summary judgment that Oceana did not owe the Costas for vacation pay. The Costas were justified in filing a lien on the vessel for back wages, and it required a lawsuit to have the back wages paid. The Court finds that Oceana did not show that the Costas' position was not substantially justified, and therefore the Court will not award attorney's fees or costs for Count I.[2]

| MOTION: | COSTAS MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 153) |
|---|---|
| FILED: | April 12, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The Costas contend that they should be awarded attorney's fees and costs pursuant to Fla. Stat. §772.11 for prevailing on the civil theft claim. Section 772.11 provides that a "defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support," and

---

2541, 2550 (1988). The Commissioner of Social Security must have a reasonable basis in both law and fact to be substantially justified in her position. *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).

[2] Oceana did not set forth any other basis for an award of attorney's fees.

Fla.Stat. §772.185 provides that "[a]ttorney's fees awarded under this chapter shall be taxed as costs." Oceana contends that its position was based upon substantial facts and legal support at the time it brought the claim, and that there was testimony at trial from David Cohen substantiating the claim. Further, Oceana argues that the attorney's fees should be mitigated because it attempted to voluntarily dismiss the civil theft claim, and attempted to file an amended complaint dropping this claim, but the Costas would not agree to the voluntary dismissal, and the Court denied Oceana' request to amend the complaint.

To establish a claim for civil theft, a party must prove the statutory elements of theft including criminal intent. *Gersh v. Cofman*, 769 So.2d 407, 409 (Fla. 4th DCA 2000). When the property at issue is also the subject matter of a contract between the parties, then the proof requires, "an intricate sophisticated scheme of deceit and theft.'" *Id*., *citing*, *Trend Setter Villas of Deer Creek v. Villas on Green*, 569 So.2d 766, 767 (Fla. 4th DCA 1990). Oceana claims that at the outset of the lawsuit, when David Cohen reviewed the credit card receipts from the Costas, and demanded reimbursement by them, that this constituted civil theft. Oceana argues that David Cohen testified at trial that the Defendants were not authorized to make purchases on the company's credit card for personal items, liquor, diet foods, medications, and certain meals in restaurants. Oceana asserts that Eugene Costa purchasing an Atkins' Diet Book with the company credit card amounts to theft.

The Court finds that at trial Oceana's claim for civil theft was without substantial fact or legal support. However, on July 12, 2004, Oceana filed a Motion for Leave to File Second Amended Complaint (Doc. 44). In this motion, Oceana requested that the Court allow Oceana to drop the claim for civil theft due to the discovery to date (and asked for other relief as well). It appears that as early as July 2004, Oceana recognized that its claim for civil theft was not substantiated. The Costas filed

a Response (Doc. 47) and objected to Oceana amending its complaint. The Court denied leave and referred the Plaintiff's request to dismiss the claim for civil theft to the District Court. (See, Doc. 49). On September 14, 2004, Oceana filed its request to voluntarily dismiss the claim for civil theft. (See, Doc. 80). On September 23, 2004, the Costas filed their Notice (Doc. 84) stating that they wanted the claim for civil theft to be dismissed only if the dismissal would be considered an adjudication on the merits, or in the alternative, have the Court deny the request for voluntary dismissal. The District Court entered an Order (Doc. 91) which denied Oceana's request to dismiss the civil theft claim based upon lack of agreement by the Costas to dismiss it.

The Costas forced Oceana to continue to pursue the claim for civil theft after it recognized that the claim was not substantiated. The Court finds that it is unreasonable to award the Costas attorneys's fees and costs for this claim.

**Conclusion**

The Court finds that Oceana prevailed on certain claims and the Costas prevailed on certain claims in this action. At the time the action was filed Oceana was justified in bringing its action and the Costas were justified in defending this action. Both parties brought claims that were not substantiated, ie, the claim for civil theft by Oceana, and the claim for foreclosure of lien by the Costas. In fairness, the Court cannot in good conscience award fees and costs to either side in this matter. Therefore, both sides shall bear their own fees and costs.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this 19th day of May, 2005.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record